**CHARLES M. REEDER & CO.,**
**Plaintiff-Appellee,**

v.

**INTERPART CORPORATION,**
**Defendant-Appellant.**

**No. 76–2110.**

United States Court of Appeals,
Sixth Circuit.

Argued April 12, 1977.

Decided June 29, 1977.

Rehearing Denied July 20, 1977.

---

**352**

Michael O. Sutton, Cullen, Settle, Sloman & Cantor, Bernard J. Cantor, Detroit, Mich., Martin R. Horn, Frederic P. Smith, Daniel L. Dawes, Los Angeles, Cal., for defendant-appellant.

Everett R. Casey, Orchard Lake, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, EDWARDS and LIVELY, Circuit Judges.

PER CURIAM.

Plaintiff Charles M. Reeder & Co. is a small family business located in Highland Park, Michigan. They developed a device which they called a "Gaspring." This was an air suspension shock absorber which could be assembled as a part of a factory installed motorcycle spring shock absorber, thereby improving the shock absorber's performance. They began to market the Gaspring in February of 1975.

On October 21, 1975, defendant-appellant Interpart, through one of its officers, solicited one of the Reeders to come to California, representing that Interpart was interested in purchasing 30,000 to 100,000 "Gaspring" kits from Reeder per year. During the conferences at various times between October 28, 1975 and January 5, 1976, in California, plaintiff claims that Reeder was induced by promises of confidentiality to answer detailed questions about its products, techniques of manufacture, and other confidential information. Plaintiff claims to have been induced to reveal all of this information by defendant's promise that if Reeder did not license Interpart, Interpart would not go into this business. No license agreement was ever arrived at and plaintiff claims that Interpart has made use of all of its confidential information and trademarks in order to take and destroy plaintiff's business by unfair competition.

After the issuance of a temporary restraining order, the District Judge held a hearing on plaintiff's application for a preliminary injunction. The hearing lasted 17 days, at the end of which the District Judge issued a preliminary injunction containing detailed findings of fact and conclusions of law. The order restrained defendant from continuing to manufacture or sell air suspension conversion kits (except the so-called Kubicek Unit) and from using any of plaintiff's trademarks or slogans, and from publishing or releasing any technical business

information or advertising concepts which plaintiff had disclosed to defendant.

Appellant Interpart mounts a broadside attack upon all features of the District Judge's preliminary injunction, but significantly does not seek to convince us that the individual findings of fact were clearly erroneous. It appears to this court that appellant has deliberately bypassed the opportunity to have a complete hearing and final order subject to full appellate rights and is attempting to argue issues which would be available in relation to a permanent injunction in the context of a preliminary one.

■ We believe that the District Judge's findings that Interpart had initiated this contact and had made representations that they would not go into this business unless they did so under a license from Reeder, if Reeder disclosed its processes, were not clearly erroneous. As a consequence, it seems appropriate for him to enjoin Interpart from continuing in the business, which they had never been in before the contact with the plaintiff, until the hearing on the permanent injunction has taken place.

■ At trial of this case plaintiff will have to establish by Michigan law its theories of unfair competition, violation of its trademarks (if any are established), and violation of its exclusive right to its trade secrets (if any are established). At present all we can say is that the present record does not allow us to find that the findings of fact of the District Judge are clearly erroneous. Additionally, if a permanent injunction is issued, it must be restricted to the violations of law which are found.

The judgment of the District Court is affirmed and the case is remanded to the District Court for prompt hearing on a permanent injunction.